THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Christopher Antangelo
 Robinson, Appellant.
 
 
 
 
 

Appeal From York County
John C. Hayes, III, Circuit Court Judge

Unpublished Opinion No. 2010-UP-324
Submitted June 1, 2010  June 23, 2010

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of
 Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General
 Salley W. Elliott, and Assistant Attorney General Julie M. Thames, all of
 Columbia; and Solicitor Kevin Scott Brackett, of York, for Respondent.
 
 
 

PER CURIAM:  Christopher Antangelo Robinson was convicted of possession of crack cocaine
 with intent to distribute and
 possession of marijuana.  He appeals,
 arguing the circuit court erred in refusing to charge the jury on the law of
 inconsistent prior statements.  Due to the State's violation of Brady v.
 Maryland, 373 U.S. 83 (1963), and Rule 5(a)(1)(C), SCRCrimP, Robinson
 contends the circuit court erred in denying his motions (1) to exclude testimony
 concerning money found on Robinson at the time of his arrest; (2) to instruct
 the jury to disregard the testimony concerning the money in deliberations; and
 (3) for mistrial.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities:  
1.  As to whether
 the circuit court erred in failing to instruct the jury on the law of prior
 inconsistent statements: State
 v. Gaines, 380 S.C. 23,
 31, 667 S.E.2d 728, 732 (2008) ("To warrant reversal, a trial court's
 refusal to give a requested jury charge must be both erroneous and prejudicial
 to the defendant."); State v.
 Cole, 338 S.C. 97, 101, 525 S.E.2d
 511, 512 (2000) ("The law to be charged must be determined from the
 evidence presented at trial."); State v. Commander, 384 S.C. 66,
 75, 681 S.E.2d 31, 36 (Ct. App. 2009) (stating "an instruction should not
 be given unless justified by the evidence").
2.  As to whether the State
 violated Brady such that the circuit court erred in denying Robinson's
 motions (1) to exclude testimony concerning money found on Robinson at the time
 of his arrest; (2) to instruct the jury to disregard the testimony in
 deliberations; and (3) for mistrial: S.C. Farm
 Bureau Mut. Ins. Co. v. S.E.C.U.R.E. Underwriters Risk Retention Group, 347 S.C. 333, 343, 554 S.E.2d 870, 875 (Ct. App. 2001)
 ("An issue must be raised and ruled upon by the trial court for an
 appellate court to review the issue.").
3.  As to whether the State
 violated Rule 5(a)(1)(C), SCRCrimP, such that the circuit court erred in
 denying Robinson's motions (1) to exclude testimony concerning money found on
 Robinson at the time of his arrest; (2) to instruct the jury to disregard the
 testimony in deliberations; and (3) for mistrial: Rule 5(a)(1)(A), (B), (C), SCRCrimP
 (providing criminal defendants are entitled to their statements, criminal
 records, and any documents or tangible objects material to the preparation of
 their defense or intended for use by the prosecution); State v. Kennerly,
 331 S.C. 442, 453, 503 S.E.2d 214, 220 (Ct. App. 1998) ("The definition of
 'material' for purposes of Rule 5 is the same as the definition used in the Brady context."); id. (stating that under Brady "evidence is
 material only if there is a reasonable probability that, had the evidence been
 disclosed to the defense, the result of the proceeding would have been
 different").
AFFIRMED.
KONDUROS,
 GEATHERS, and LOCKEMY, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.